IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:05CR229

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | O R D E R |
| ) | |
| ) | |
| KEBRA ERIC ESKRIDGE ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion to reduce or modify his sentence.[1] The motion is denied.

On April 26, 2006, the undersigned sentenced the Defendant to a term of 115 months imprisonment after a jury convicted him of the unlawful possession of a firearm by a felon. **Judgment in a Criminal Case, filed May 11, 2006.** Defendant appealed his conviction and sentence and such were affirmed by the Fourth Circuit Court of Appeals. *United States v. Eskridge*, 2007 WL 636366 (4th Cir. 2007).

---

[1] Defendant brings this motion pursuant to the North Carolina Rules of Criminal Procedure; however, the Court is construing the motion as if filed pursuant to Fed. R. Crim. P. 35.

Defendant states that had his chronic drug dependence been made known to the Court prior to sentencing, it is very possible this "mitigating circumstance" would have been taken into consideration by the Court and resulted in him receiving a shorter prison term.  **Defendant's Motion, at 3.**  The Defendant asks the Court to reduce his sentence to a five year term of imprisonment, followed by a four year term of probation that would include a mandatory six month enrollment in a drug treatment program.  *Id.* **at 4.**

Contrary to Defendant's assertions, the Court was aware of the Defendant's significant history of drug abuse and considered such in imposing sentence.  According to his presentence report, Defendant acknowledged he smoked marijuana two to three times a week and drank beer daily from the age 13 until his arrest in this case.  He also admitted to snorting cocaine and experimenting with prescription medications.  **Presentence Report, prepared February 23, 2006, at 12.**  Noting the Defendant's history of substance abuse, the Court recommended at sentencing that he be afforded the opportunity "to participate in any available substance abuse treatment program while incarcerated."  **Transcript of Sentencing Hearing on April 26, 2006, at 7.**

Even if the Court were to consider reducing or otherwise modifying the Defendant's sentence as he requests, Rule 35 does not provide the Court with the authority to do so except for limited circumstances not present here. Therefore, the Defendant's motion must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to reduce or modify sentence is hereby **DENIED**.

Signed: July 18, 2008

Lacy H. Thornburg
United States District Judge