IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:05CR229

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| KEBRA ERIC ESKRIDGE ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendant's Rule 12(b)(2) Jurisdictional Defective Indictment Objection Motion as to Count One of the Federal Indictment Failure to Charge an Offense and to Establish Prosecutorial Subject-Matter Jurisdiction," filed April 2, 2009.[1] The motion is denied.

On April 26, 2006, the undersigned sentenced the Defendant to a term of 115 months imprisonment after a jury convicted him of the unlawful possession of a firearm by a felon. **Judgment in a Criminal Case, filed**

---

[1] Defendant seeks dismissal of the indictment herein as well as a *vacatur* of his conviction and sentence. He specifically states this motion is not to be construed as one filed pursuant to 28 U.S.C. § 2255 or § 2254. In fact, his motion could not be construed as such due to the fact that the statutory one-year period for filing such a post-conviction motion has expired.

**May 11, 2006.** Defendant appealed his conviction and sentence and such were affirmed by the Fourth Circuit Court of Appeals. ***United States v. Eskridge*, 2007 WL 636366 (4th Cir. 2007).**

Defendant argues, *inter alia*, that his conviction and sentence should be vacated because the indictment herein failed to charge an offense, failed to charge that the Defendant knowingly possessed the firearm in question, and is "jurisdictionally" defective because it does not show the signature of the grand jury foreman. **Defendant's Motion, at 3, 12.**

In the Defendant's appeal of his conviction and sentence, the Fourth Circuit specifically found "there was sufficient evidence for the jury to find Eskridge guilty of a violation of 18 U.S.C. § 922(g)(1) [possession of a firearm by a convicted felon]." ***Eskridge*, 2007 WL 636366, at \*1.** The appellate court further found the Government had proved at trial that Defendant knowingly possessed the firearm through the testimony of police officers who saw the Defendant "walking, witnessed him make a tossing motion, heard a loud thump, and immediately recovered a gun in the vicinity Eskridge made the tossing motion. We conclude this evidence was sufficient to establish Eskridge constructively possessed the firearm recovered by police." *Id.* Further, the appellate Court "reviewed the entire

record in this case and [found] no meritorious issues for review."[2]  *Id.*

**(citing *Anders v. California*, 386 U.S. 738 (1967)).**   Therefore, the Court finds Defendant's arguments to be totally without merit.

**IT IS, THEREFORE, ORDERED** that the "Defendant's Rule 12(b)(2) Jurisdictional Defective Indictment Objection Motion" is hereby **DENIED**.

Signed: April 8, 2009

Lacy H. Thornburg
United States District Judge

---

[2] Defendant also claims the indictment is defective because it is not signed by the grand jury foreman.  In compliance with Judicial Conference policy and the E-Government Act of 2002, the name of a grand jury foreman is redacted for security and privacy reasons before the document is scanned into the electronic record.  The original of any charging document is retained in the Clerk's Office files.  **See Administrative Procedures Governing Filing and Service by Electronic Means, § II,A5(a)(ii) (April 24, 2008).**